**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID JAWORSKI, SARAH KROTH, MAGGIE "MARS" ROBINSON, and PATRICK ROMANO,<br><br>        Plaintiffs,<br><br>        v.<br><br>CHICAGO POLICE OFFICER JAMES TRIANAFILLO (#264), LUIS LAURENZANA (#19637), DAVID FLOYD (#13262), LEONARD SHOSHI (#236), CHARLES FLASTER (#15498), OFFICER IN EXHIBIT D, OFFICER IN EXHIBIT E, OFFICER IN EXHIBIT F, SUPERINTENDENT DAVID BROWN, and CITY OF CHICAGO,<br><br>        Defendants. | Case No. 1:23-cv-02240<br><br>Judge Nancy L. Maldonado<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS' REPLY IN SUPPORT OF OPPOSED MOTION TO STRIKE CERTAIN
PARAGRAPHS FROM PLAINTIFFS' AMENDED COMPLAINT**

       Defendants, the City of Chicago ("City"), former Superintendent David Brown ("Superintendent Brown"), and Chicago Police Officers James Trianafillo, Luis Laurenzana, David Floyd, Leonard Shoshi, and Charles Flaster (collectively, "Officers") (and with the City and Superintendent Brown collectively, "Defendants"), by and through their undersigned counsel, submit their Reply in Support of the Opposed Motion to Strike Certain Paragraphs from Plaintiffs' Amended Complaint ("Motion"). (Dkt. 22.) In support thereof, Defendants state as follows:

## INTRODUCTION

       Plaintiffs' Amended Complaint is not an appropriate pleading in federal court under the Federal Rules of Civil Procedure. This case involves the alleged use of excessive force at a single protest on a single day in July 2020. It does not require an 85-page complaint that includes

allegations going back to the 19th century. Plaintiffs, nevertheless, maintain that their Amended Complaint as drafted is necessary to plead a *Monell* claim against the City and Superintendent Brown in 2023. Plaintiffs' argument is unavailing.

As several courts in this District have correctly recognized after receiving similar motions to strike complaints from cases that were severed from the Original Action, "a complaint should constitute a short and plain statement of [Plaintiffs'] right to relief; lengthy recitations of historic circumstances are unnecessary and inappropriate." *See Cosby v. Rodriguez*, No. 1:23-cv-2236, Dkt. 25 (Jun. 2, 2023 Min. Order) (Pallmeyer, J.); *Fouche v. Grossklas*, No. 1:23-cv-2232, Dkt. 23 (Jun. 8, 2023 Min. Order) (Durkin, J.); *Wilger v. Aviles*, No. 1:23-cv-2231, Dkt. 23 (Jun. 8, 2023 Min. Order) (Durkin, J.).[1] Plaintiffs simply refuse to accept those instructions.

## ARGUMENT

I.  **The Court should strike the historical allegations in the Amended Complaint as well as those allegations concerning protests in which Plaintiffs did not participate.**

Defendants argue in the Motion that the Amended Complaint's lengthy narration of CPD's alleged use of excessive force at various protests spanning the course of more than 150 years should be stricken because it is unnecessary and would impose an undue burden when Defendants must eventually file a responsive pleading. (Dkt. 22, Mot. at 6-8.) Plaintiffs disagree, despite numerous courts' admonitions that "lengthy recitations of historic circumstances are unnecessary and inappropriate." *See Cosby*, No. 1:23-cv-2236, Dkt. 25; *Fouche*, No. 1:23-cv-2232, Dkt. 23; *Wilger*, No. 1:23-cv-2231, Dkt. 23. In their Response, Plaintiffs claim these historical allegations are needed to "prove their *Monell* claim." (Dkt. 25, Resp. at 5.) Plaintiffs mistakenly argue this excruciating level of historical detail provides "crucial context for understanding the CPD's pattern

---

[1] Plaintiffs here are represented by the same counsel as the *Cosby*, *Fouche*, and *Wilger* plaintiffs, and are thus aware of the courts' orders in those cases.

2

and practice of violating protesters' constitutional rights." (*Id.* at 8.)

Plaintiffs' argument ignores Rule 8(a)(2). A complaint is not used to "prove" anything. A complaint is instead intended to provide a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). There is no requirement to include all of the evidentiary facts that Plaintiffs intend to rely on to support their *de facto* policy argument for the *Monell* claim. *Wardell v. City of Chicago*, No. 98 C 8002, 99 C 1856, 2001 WL 849536, at *2 (N.D. Ill. Jul. 23, 2001) ("there is absolutely no need for the [plaintiffs] to plead evidence"). Nor is the level of detail that Plaintiffs provide necessary to satisfy basic pleading standards. *See Coop v. Durbin*, No. 15 CV 01330, 2015 WL 7176341, at *2-3 (S.D. Ind. Nov. 13, 2015) (granting motion to strike complaint for violating Rule 8 and rejecting the plaintiff's argument that "lengthy factual allegations" were required in order to state a claim under *Ashcroft v. Iqbal* pleading standards). Put simply, such needless granularity is inappropriate under the Rules.

Indeed, evidence, theories, and speculation about the disputed events "belong (if anywhere) in an argumentative brief *and not a complaint*." *Mutuelle Gen. Francaise Vie v. Life Assurance Co. of Penn.*, 688 F. Supp. 386, 391 (N.D. Ill. 1988) (emphasis added); *see BBL, Inc. v. City of Angola*, No. 1:13-cv-76, 2013 WL 2383659 (N.D. Ind. May 29, 2013) ("[E]videntiary material supporting the general statements in a complaint normally should not be set out in the pleadings, but rather left to be brought to light during the discovery process."); *see also Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999) (same, citing 5 Wright & Miller, Fed. Prac. & Proc. § 1281 at 591 (2d ed. 1990)). Plaintiffs will have the chance to "prove" their case later in the litigation. But attempting to do so at the pleadings stage will only complicate matters and unduly prejudice Defendants. (*See* Dkt. 22, Mot. at 6-9.) Respectfully, the Court should not allow that to happen.

Plaintiffs also incorrectly assert that "Defendants seek to strike each and every one of these paragraphs, thereby preventing Plaintiffs from relying on *any* prior instance of CPD's unconstitutional conduct directed toward protesters." (Dkt. 25, Resp. at 7 (emphasis original).) But this too misses the point. Defendants contend that Plaintiffs do not need to include a lengthy historical dissertation in order to provide a short and plain statement of their *Monell* claim. And as a practical matter, Plaintiffs have already demonstrated that they know how to plead a long-standing practice of alleged "abusive tactics and excessive force against protesters" all within a single paragraph. (*See* Dkt. 21, Am. Compl. ¶ 7.) It is thus unnecessary to devote 15 pages' worth of allegations involving the same subject matters. (*See id.* ¶¶ 119-175.) They should be stricken.

Moreover, Plaintiffs' cited authorities are distinguishable for a variety of reasons. (*See* Dkt. 25, Resp. at 9-11.) For starters, many of the cases Plaintiffs rely on concern dismissal motions under Rule 12(b)(6), not motions to strike pursuant to Rules 8 and 12(f). *See, e.g.*, *Savory v. Cannon*, 532 F. Supp. 3d 628 (N.D. Ill. 2021); *Hill v. Cook Cnty.*, 463 F. Supp. 3d 820, 843 (N.D. Ill. 2020); *In re N.Y.C. During Summer 2020 Demonstrations*, 548 F. Supp. 3d 383, 392 (S.D.N.Y. 2021). Whether Plaintiffs have included *too many* factual allegations is squarely at issue in the Motion under Rule 8 and Rule 12(f). Plainly, they have. There is a reason for Rule 8 and Rule 12(f). Defendants will be unduly prejudiced when attempting to answer the Amended Complaint, and if required to do so, such answers will likely be in excess of 170 pages and many subject to historical and evidentiary challenges. *See Coop*, 2015 WL 7176341, at *3 (striking amended complaint in its entirety with leave to replead and noting "[w]hile it is true that plaintiff must furnish more than a recitation of the elements of a cause of action, the allegations here far exceed this burden," which imposed an "unwarranted" burden on the defendants to answer such an unwieldy complaint).

For the non-precedential district court cases Plaintiffs cite that actually involved motions to strike under Rule 12(f), they too are readily distinguishable. In *Weston v. City of Chicago*, the court denied the City's motion to strike 18 allegations in the plaintiff's complaint that supposedly related to the plaintiff's *Monell* claim. No. 20 C 6189, 2021 WL 2156459, at *11-12 (N.D. Ill. May 27, 2021). But the *Weston* complaint was only 32 pages long, the first 20 pages of which contained 117 common factual allegations. *See generally* No. 20 CV 06189, Dkt. 1, Compl. That is a mere fraction of Plaintiffs' Amended Complaint in this case. (*Compare id.*, *with* Dkt. 21, Am. Compl.) The burden of responding to that pleading is entirely dissimilar from the burden Defendants will bear here if their Motion is denied and Plaintiffs are permitted to prosecute their case with the Amended Complaint. And here, Defendants seek to strike 86 allegations, which is more than quadruple the amount in *Weston*.

*Franklin v. City of Chicago* is similar. There, the court denied the City's motion to strike 23 paragraphs from the plaintiff's complaint that also related to a *Monell* claim. *Franklin v. City of Chicago*, No. 18 CV 06281, 2020 WL 374669, at *2-6 (N.D. Ill. Jan. 23, 2020). However, unlike this case, the complaint at issue in *Franklin* was only 21 pages in length, including 74 common factual allegations spread across the first 12 pages of that pleading. *See generally* No. 18 CV 06281, Dkt. 10-1, 2d Am. Compl. Here, Plaintiffs' Amended Complaint is 85 pages in length—quadruple the *Franklin* complaint—and includes 215 common allegations spanning 70 pages—more than triple and quintuple the *Franklin* complaint, respectively. And only 23 allegations were at issue in *Franklin*, less than a quarter of those 86 allegations Defendants seek to strike in the Motion. The burden of responding to the *Franklin* complaint was trivial compared to this case. Both *Weston* and *Franklin* are thus a poor fit and should be disregarded.

127735615v2

The same can be said for Plaintiffs' foreign authorities where courts supposedly "demonstrated significant hesitancy in striking materials that tend to demonstrate *Monell* liability." (Dkt. 25, Resp. at 6); *see, e.g.*, *Boykins v. City of San Diego*, No. 21 CV 01812, 2022 WL 3362273, at *9 (S.D. Cal. Aug. 15, 2022) (denying motion to strike eight allegations concerning *Monell* claim); *Sanchez v. Cnty. of Sacramento*, No. 19 CV 01545, 2021 WL 4066262, at *5 n.7 (E.D. Cal. Sept. 7, 2021) (denying motion to strike *Monell*-related allegations as moot because the court dismissed those claims under Rule 12(b)(6)); *Cantu v. City of Portland*, 3:19-cv-01606, 2020 WL 2952972, at *6 (D. Ore. Jun. 3, 2020) (denying motion to strike allegations concerning "militarized force" and "indiscriminate force," which only appeared in the plaintiff's complaint three times each). These cases, all of which are vastly different in scope from this case, do not apply here.

For these reasons, the Amended Complaint should be stricken and Plaintiffs subsequently ordered to file another amended pleading that is truly limited to their own claims. That may include the *Monell* claim, but not in its current form.

## II. The Court should strike the anonymous social media and blog posts that are not attributed to any individual Defendants or members of CPD.

Plaintiffs' arguments concerning allegations related to the anonymous social media and blog posts are equally unavailing. They contend that, for instance, the Second City Cop posts that are reproduced throughout the Amended Complaint are material to their *Monell* claim and may properly be attributed to CPD members because "[m]ainstream media news reports describe it as a 'prolific, anonymous blog run by members of the department,' and '[a] venting platform for fed-up officers.'" (Dkt. 25, Resp. at 11-12 (citations omitted).) Plaintiffs' claim is puzzling, however, because they expressly concede that the Second City Cop account is "run by an individual or individuals who are not known to the general public[.]" (*Id.* at 11.) And what journalists may surmise about who runs the account and whether the content is posted by CPD members is hearsay

6

at best, and more accurately described as pure speculation and conjecture. It is thus entirely unreliable.

As one federal district court has aptly noted with regards to information obtained from the internet:

> There is no way Plaintiff can overcome the presumption that the information he discovered on the Internet is inherently untrustworthy. Anyone can put anything on the Internet. No web-site is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation. Moreover, the Court holds no illusions that hackers can adulterate the content on any web-site from any location at any time. For these reasons, any evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exception rules[.]

*St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 774-75 (S.D. Tex. 1999); *see also In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) (noting information from the Internet does not "bear an indicia of reliability"). The same logic holds true here. Without any way to affirmatively prove that the Second City Cop posts are attributable to the City or those with policymaking authority, the inclusion of those posts in Plaintiffs' pleading is wholly inappropriate and the allegations should be stricken as impertinent and scandalous. *See Miller v. City of Harvey*, No. 13 C 9257, 2014 WL 3509760, at *5 (N.D. Ill. Jul. 15, 2014) (granting motion to strike scandalous, impertinent, and immaterial exhibits from the plaintiff's complaint).

And even assuming for the sake of argument only that the Second City Cop posts were authored by a Chicago Police Officer, the anonymous views of a single employee, or even a group of employees, cannot establish a widespread custom or practice for *Monell* purposes. *See Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015) (the gravamen of a *Monell* claim "is not individual misconduct by police officers (that is covered elsewhere under § 1983), but a widespread practice that permeates a critical mass of an institutional body.... [M]isbehavior by one or a group of officials is only relevant where it can be tied to the policy, customs, or practices of

7

the institution as a whole."). Certainly the alleged, anonymous opinions of one—or even several—police officers does not support Plaintiffs' alleged *de facto* policy argument here. So the anonymous social media and blog posts should also be stricken from the Amended Complaint because they are immaterial.

## III.    Answering the Amended Complaint in its current form would prejudice Defendants by imposing an unnecessary and undue burden when submitting a responsive pleading.

Plaintiffs also claim Defendants have not demonstrated sufficient prejudice that would warrant striking the Amended Complaint under Rule 12(f). (Dkt. 25, Resp. at 13-15.) Plaintiffs argue that having to answer a 308 paragraph, 85-page complaint is not unduly burdensome or prejudicial. (*Id.* at 14-15.) But Plaintiffs are mistaken once more because having to answer a pleading of this magnitude is disproportionate to the actual, triable issues in this case, especially after considering that only 72 paragraphs in the Amended Complaint specifically relate to Plaintiffs' participation in the one protest they participated in on July 17, 2020. (Dkt. 22, Mot. at 4.)

As the Seventh Circuit has previously noted, an unnecessarily long or confusing complaint makes it difficult for both the defendant and the court. *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). It becomes not only difficult for the defendant to file a responsive pleading, but also unnecessarily costly, while it makes conducting orderly litigation difficult for the court. *See id.* As Defendants explained in the Motion, those same concerns are present here because the Amended Complaint is filled with unnecessary factual allegations for which they will need to investigate the accuracy of historical events dating back hundreds of years and anonymous social media posts in order to either admit or deny them.  (Dkt. 22, Mot. at 6-9.) Plaintiffs' Amended Complaint also needlessly confuses the issues that will be

litigated in this case. Courts within this District have previously relied on similar circumstances to justify striking a complaint. *See, e.g.*, *Harman v. Gist*, No. 02-cv-6112, 2003 WL 22053591, at *3-5 (N.D. Ill. Sept. 2, 2003). Prejudice is thus readily apparent.

The authorities on which Plaintiffs rely are inapposite largely for the same reasons discussed above. (Dkt. 25, Resp. at 14-15.) Namely, the complaints in those cases are nowhere near as long and prolix as Plaintiffs' Amended Complaint here and therefore were not nearly as burdensome to respond to. *See, e.g.*, *Sommerfield v. City of Chicago*, No. 08 C 3025, 2009 WL 500643, at *5 (N.D. Ill. Feb. 26, 2009) (refusing to strike 145 paragraph complaint in its entirety, but also rejecting the plaintiff's argument that *Bell Atlantic Corp. v. Twombly* approved of "evidence-laden complaints"). Defendants should therefore not be required to expend unnecessary time, resources, and expenses responding to a pleading that "violate[s] the letter and spirit of Rule 8." *See Vicom, Inc.*, 20 F.3d at 776.

Plaintiffs finally argue that the Court should not have to review "over 80 paragraphs in the Amended Complaint and improperly make a relevance determination for each paragraph." (Dkt. 25, Resp. at 15.) Defendants agree. The Court should instead strike the Amended Complaint in its entirety, and order Plaintiffs to file an amended complaint that complies with Rule 8.

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court grant their Opposed Motion to Strike Certain Paragraphs from Plaintiffs' Amended Complaint, and grant them such further relief as this Court deems necessary and just.

127735615v2

Dated: June 28, 2023

By: /s/ Timothy P. Scahill
Special Assistant Corporation Counsel

Timothy P. Scahill
tscahill@borkanscahill.com
Steven B. Borkan
sborkan@borkanscahill.com
Whitney N. Hutchinson
whutchinson@borkanscahill.com
Christiane E. Murray
cmurray@borkanscahill.com
Emily E. Schnidt
eschnidt@borkanscahill.com
Special Assistants Corporation Counsel
BORKAN & SCAHILL, LTD
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 580-1030

*Counsel for Officers Trianafillo,*
*Laurenzana, Floyd, Shoshi, and Flaster*

Respectfully submitted,

By: /s/ Andrew S. Murphy
Special Assistant Corporation Counsel

Allan T. Slagel
aslagel@taftlaw.com
John F. Kennedy
jkennedy@taftlaw.com
Andrew S. Murphy
amurphy@taftlaw.com
Adam W. Decker
adecker@taftlaw.com
Special Assistants Corporation Counsel
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 527-4000

*Counsel for City of Chicago and*
*Superintendent David Brown*

127735615v2